## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 13 2017, 6:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Kimberly E. Schroder
Andrew B. Howk
Indianapolis, Indiana

I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Civil Commitment of V.H., <br> *Appellant-Respondent,* <br><br> v. <br><br> St. Vincent Hospital & Health Care Center, Inc., d/b/a St. Vincent Stress Center, <br><br> *Appellee-Petitioner* | July 13, 2017 <br><br> Court of Appeals Case No. 49A05-1701-MH-152 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Steven Eichholtz, Judge <br><br> Trial Court Cause No. 49D08-1612-MH-45204 |

**Altice, Judge.**

**Case Summary**

V.H. has suffered with major depression for a number of years and has attempted suicide on at least eight occasions. Her most recent attempt at age twenty-one, as well as several other attempts, involved overdosing on an over-the-counter painkiller. This resulted in the trial court granting a petition for involuntary commitment of V.H. filed by St. Vincent Hospital & Health Care Center, Inc, d/b/a St. Vincent Stress Center (St. Vincent). On appeal, V.H. challenges one of the special conditions imposed by the trial court upon her once she attains outpatient status. Specifically, the court ordered her not to use alcohol or drugs unless prescribed by a physician, and V.H. contends that banning her from alcohol bore no reasonable relationship to her treatment.

We affirm.

## Facts & Procedural History

On or about December 23, 2016, V.H. was admitted to St. Vincent suffering from a potentially fatal overdose of Tylenol. She was treated with N-acetylcysteine to prevent the Tylenol from destroying her liver and causing death. V.H. had a history of hospitalizations following similar suicide attempts and had been released from inpatient treatment just days before this most recent attempt. The majority of V.H.'s suicide attempts have involved Tylenol.

St. Vincent began this action by filing an application with the trial court for the emergency detention of V.H. The trial court authorized the continued detention of V.H. and set the matter for a commitment hearing on January 3, 2017. At the contested commitment hearing, V.H. admitted that she had

attempted suicide five times in 2016 and at least three prior attempts, all while receiving out-patient care. Her treating physician during V.H.'s multiple admissions to St Vincent over the last two years testified that V.H. suffers from major depression and borderline personality disorder. He opined that if V.H. is not admitted to a state hospital, "there's a good chance she is going to be dead". *Transcript* at 7.

[5] At the conclusion of the hearing, the trial court ordered the regular commitment of V.H. The court also ordered that V.H. abide by several special conditions upon attaining outpatient status. Relevant here, V.H. was ordered to "not use alcohol or drugs other than those prescribed by a physician." *Id.* at 34.

[6] On appeal, V.H. asks that we vacate the portion of this special condition related to alcohol use. Additional facts will be provided below as needed.

## Discussion & Decision

[7] A trial court may place conditions on an involuntarily committed individual upon her release as an outpatient. *See Commitment of M.M. v. Clarian Health Partners*, 826 N.E.2d 90, 99 (Ind. Ct. App. 2005), *trans. denied*; *Golub v. Giles*, 814 N.E.2d 1034, 1041 (Ind. Ct. App. 2004) (citing Ind. Code § 12-26-14-3), *trans. denied*. Such conditions, however, must be supported by evidence in the record and reasonably designed to protect the individual and the general public. *Commitment of M.M.*, 826 N.E.2d at 99.

[8] In *Commitment of M.M.*, we struck from the order of commitment a special condition prohibiting the use of alcohol or drugs because "the record [was] devoid of any evidence showing M.M. used or abused alcohol or drugs." *Id*. We noted that the subject of alcohol or drug use was never raised during the commitment hearing. Thus, we concluded that there was "no evidence in the record to suggest that such a prohibition bears any relationship to M.M.'s treatment or the protection of the public". *Id*.

[9] We reached the same conclusion in *Golub* where the record was "devoid of any evidence showing that Golub used or abused alcohol or drugs." *Golub*, 814 N.E.2d at 1041. "[T]he subject of alcohol and drug use was not at issue at any time during the hearing" and the trial court did not mention such a condition at the hearing. *Id*. The first mention of the special condition was in the trial court's final order of commitment. *Id*.

[10] Unlike in *Golub* and *Commitment of M.M.*, the record in this case is replete with evidence that V.H. misused substances, specifically Tylenol, as a result of her major depressive and borderline personality disorders. In a "very short period of time" prior to the instant commitment, V.H. had two serious suicide attempts involving potentially fatal overdoses of Tylenol. *Transcript* at 10. V.H. had made many other attempts to end her life, most of which involved the use of the same easily obtainable, over-the-counter pain medication. With these attempts, V.H. risked destroying her liver and either dying or needing a liver transplant.

[11]     Under these circumstances, we conclude that the condition prohibiting V.H. from using alcohol or drugs (unless prescribed by a physician) is supported by evidence in the record and is reasonably related to her treatment.  Further, we reject V.H.'s invitation for us to require the trial court to parse which substances she may or may not use during outpatient treatment.[1]

[12]     Judgment affirmed.

Kirsch, J. and Mathias, J., concur.

---

[1] We agree with the State that this is a dangerous argument.  Although she has used Tylenol in her many past suicide attempts, V.H. could certainly make a similar attempt with a different drug, alcohol, or a combination of substances.